Deaderick, J.,
delivered tbe opinion of the Court.
W. L. Welch, the intestate of the complainant, N. Welch, was indebted to defendant, Greenalge, who obtained judgment against him for $175,- before a Justice of the Peace, for balance of a house and lot purchased of him.
Waters stayed the judgment for Welch, and .took a deed of trust from Welch for his indemnity, which stipulated that if the judgment was not paid by Welch by the 20th of May, 1859, then the trustee was to sell the said house and lot to pay it; and Welch waived his right to redeem.
Before the 20th of May, Welch died, and the complainant, N. Welch, his father, administered upon his estate. Before any sale of the house and lot, Welch, the administrator, tendered to defendant, Greenalge, the amount of his debt; but he refused to receive it upon the ground, as alleged, that he did not know to whom to convey, W. L. Welch being dead, leaving a wife and children. The tender was also made to Waters and the trustee. They, also, refused- to receive the money. After the time elapsed, stipulated for in the deed of trust, the house and lot were sold by the trustee, and purchased by defendant, Martin, who has been in possession of the same since his purchase, and claiming under it.
The bill was filed to enforce the right of the heirs *211 at law of W. L. "Welch to the house and lot, to com-* pel defendants to accept the amount of the debt or judgment, and to be restored to the possession of the property.
The Chancellor decreed in favor of complainants, and vested the title in them upon payment of the purchase money; but refused to allow them any rents for the time the defendant, Martin, was in possession of the property "under his purchase; and "the complainants, who are the administrator, widow and heirs at law of W. L. Welch, deceased, appeal from the Chancellor’s decree to this Court.
.The question now presented arises upon that part of the Chancellor’s decree which refused to allow rents to complainants of the property purchased and taken ■ possession of by defendant, Martin. In this particular, we think the decree of the Chancellor is erroneous.
Under our statutes upon the subject of redemption, property sold under a deed of trust or mortgage, without judicial sentence, is subject to redemption, unless that right is expressly waived. . Code, 2124-25.
If the right is waived and the property is sold, the debtor can not redeem. But before the sale, be is entitled, upon payment or tender of payment to the creditor, to have a re-conveyance of the property, and the trustee has no longer any authority to sell under the 'trust deed.
By the tender of payment of the debt, secured by the trust deed, and the wrongful refusal of the creditor to receive it, the debtor’s right to redeem was preserved; the waiver of the right in the deed of trust having ref *212 erence only to a redemption after a sale lawfully made.
If the redemption was under section 2135 of the Code, the complainants would be entitled to have a credit, for a fair rent of the premises during the time they were in the purchaser’s possession.
The sale of the property was wrongful, and the possession taken under said sale was wrongful; and independently of the statutory provision, a party in the wrongful possession of premises will be held to account for the reasonable rents of such 'property.
So that, in- either aspect, the party in possession should be held to account for rents.
The decree of the Chancellor will be reversed in this respect, and the cause remanded for the purpose of ascertaining the amount of rents due, and from whom; and the complainants will be entitled to have the sum ascertained to be due credited on the judgment against W. L. Welch; and the defendants, Martin and Green-alge, will pay the costs of the cause in this Court and in the court below.
In all other respects, the decree of the Chancellor will be affirmed.
And afterwards, (March 4, 1871,) the respondent having filed a petition for a rehearing, in which it was set forth as error materially affecting the decree .entered upon the foregoing opinion, that the Court had assumed that N. Welch made the tender of the debt mentioned as administrator, when in point of fact, he had not taken letters of administration until many months afterward; but the Court being of opinion that the position of the *213 saicl N. Welch, as administrator, is not essential to the effect of said tender, but that the same, if made as next friend of the heirs of W. L. Welch, would be equally effectual to protect their interest, denied the said petition, and refused to rehear the same.